```
                             UNITED STATES DISTRICT COURT
                               DISTRICT OF CONNECTICUT

------------------------------x
                              :
CARIN A. C.                   :    Civ. No. 3:21CV01205(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI, ACTING       :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    August 7, 2023
                              :
------------------------------x
```

### RULING ON MOTION FOR ALLOWANCE OF ATTORNEY'S FEES UNDER 42 U.S.C. §406(b) [Doc. #28]

Attorney Ivan M. Katz ("counsel") has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b), seeking an award of fees in the amount of $14,853.25. See Doc. #28 at 1. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("defendant" or "Commissioner") has filed a response to the motion. [Doc. #29]. For the reasons articulated below, the Motion for Allowance of Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #28**] is **GRANTED**, in the total amount of **$14,853.25.**

**A.   Background**

Plaintiff Carin A. C. ("plaintiff") filed concurrent applications for Supplemental Security Income and Disability Insurance Benefits on April 18, 2019. See Certified Transcript of the Administrative Record, Doc. #11, compiled on October 25, 2021, (hereinafter "Tr.") at 254-62, 278-84. Following a hearing

1

before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on January 12, 2021. See Tr. 28-51. After exhausting her administrative remedies, plaintiff, through counsel, filed the Complaint in this case on September 9, 2021. [Doc. #1]. On November 5, 2021, defendant filed the official transcript. [Doc. #11]. On January 5, 2022, plaintiff filed a Motion to Reverse the Decision of the Commissioner. [Doc. #16]. On March 3, 2022, defendant filed a Motion for Voluntary Remand under Sentence Four of 42 U.S.C. §405(g). [Doc. #19]. The Court granted defendant's motion on that same date [Doc. #20], and judgment entered for plaintiff on March 3, 2022. [Doc. #22].

On May 25, 2022, the parties filed a Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA") (hereinafter "Stipulation"), agreeing "that Plaintiff shall be awarded attorney fees in the amount of $8,800.00 under the" EAJA "in full and final satisfaction (upon payment) of any and all claims under the EAJA for fees, expenses, and costs." Doc. #23 at 1 (emphasis omitted). On May 30, 2022, the Court entered an Order requiring counsel to "provide the Court with an accounting of fees sought in compliance with [28 U.S.C. §2412(d)(1)(B)] including the number of hours claimed; a statement of whether the hours were incurred by an attorney, a paralegal, or other employee; and the hourly rate applied." Doc. #24. On May 31, 2022, counsel filed a "Statement re: Stipulation for Award of

2

Fees Under the EAJA." Doc. #25 at 1. On June 3, 2022, the Court approved and so ordered the Stipulation for the stipulated amount of $8,800.00. See Doc. #26.

Counsel represents that following the remand by this Court, a second administrative hearing was held, after which the ALJ "issued a Fully Favorable decision." Doc. #28 at 1 (sic). The Social Security Administration issued a "Notice of Award" to plaintiff dated July 23, 2023. Doc. #28-1 at 2. The Notice of Award informed plaintiff that she was "entitled to monthly disability benefits from Social Security beginning August 2018[,]" id., in the total amount of "$88,213.00 for August 2018 through February 2023." Id. at 4. The Notice of Award states: "We have approved the fee agreement between you and your representative. ... Under the fee agreement, the representative cannot charge you more than $7,200.00 for his or her work." Id. The Notice of Award further states: "We will still withhold the remaining, $14,853.25, in case your lawyer asks the Federal Court to approve a fee for work that was done before the court." Id. at 5.

The next page of the Notice of Award states:

> Based on the law, we must withhold part of past-due benefits to pay an appointed representative. We cannot withhold more than 25 percent of past-due benefits to pay an authorized fee. We withheld $22,053.25 from your past-due benefits to pay the representative.

3

Doc. #28-1 at 5. Counsel represents:

> Prior to the issuance of the ... Notice of Award, the Social Security Administration had paid the undersigned $7,200.00 in fees under 42 U.S.C. §406(a). The balance remaining after that payment is $14,853.25 as the ... Notice of Award states. In order to ensure that <u>the total fee</u> does not exceed 25% of retroactive benefit, $14,853.25 is sought herein.

Doc. #28 at 2 n.1.

As set forth above, counsel now seeks an award of $14,853.25 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the retainer agreement executed by plaintiff on September 8, 2020. <u>See</u> Doc. #28-2.[1] Defendant has filed a response to the motion, requesting "as quasi-trustee, ... that the Court determine the timeliness and reasonableness of" counsel's request for attorney's fees. Doc. #29 at 5.

**B.   Legal Standard**

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]

42 U.S.C. §406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits

---

[1] Counsel represents that a copy of his motion has been provided to plaintiff. <u>See</u> Doc. #28 at 5.

4

claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b),

> a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.

Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

In Gisbrecht, the Supreme Court "provided examples of factors a court might consider in conducting this reasonableness analysis." Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022). First, the Court may consider "the character of the representation and the results the representative achieved," and "may reduce the requested fees where the representation is substandard." Id. (citation and quotation marks omitted). "Second, ... a reduction is appropriate where the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused." Id. (citation and quotation marks omitted). Third, "a

5

reduction may be in order if the benefits are large in comparison to the amount of time counsel spent on the case — the so-called 'windfall' factor[.]" Id. (citation and quotation marks omitted).

When analyzing the third "windfall" factor, the Second Circuit has instructed courts to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" id. at 854; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level[,]" id. at 855; (3) "the satisfaction of the disabled claimant[,]" id.; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id.

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate "only when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

6

**C.   Discussion**

Pursuant to his agreement with plaintiff, counsel "requests that $14,853.25 be awarded to counsel, representing 25% of the total past-due benefit net of [the $7,200.00] payment already made." Doc. #28 at 2; see also Doc. #28-2 at 1 (retainer agreement). Counsel accordingly seeks twenty-five percent of the $88,213.00 in retroactive benefits awarded to plaintiff, less the $7,200.00 already paid to counsel, for a fee award of $14,853.25. See Doc. #28 at 2 n.1; see also Doc. #28-1 at 5. Considering the representations of counsel and defendant, and the factors recited in Fields, the requested fee of **$14,853.25** is reasonable.[2]

First, there is no evidence that the adjusted fee is out of line with "the character of the representation and the results the representative achieved[.]" Fields, 24 F.4th at 853 (citation and quotation marks omitted). Counsel achieved a favorable result for plaintiff by securing a Sentence Four remand to the administrative level. See Doc. #20. Plaintiff thereafter obtained an award of past-due benefits, which likely would not have been possible without counsel's efforts. See Doc. #28 at 1-2.

---

[2] There is no dispute that counsel's motion is timely, having been filed just one day after the date set forth on the Notice of Award. See Sinkler v. Berryhill, 932 F. 3d 83, 89 (2d Cir. 2019); see also Doc. #29 at 2.

7

Second, there is nothing to suggest that counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee.

Third, the Court considers whether there has been a windfall to counsel. See Fields, 24 F.4th at 853. Counsel spent 43 hours working on this case at the District Court level. See Doc. #28 at 4-5.[3] The fee requested pursuant to section 406(b) - $14,853.25 – results in an hourly rate of $345.42, which is significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama v. Colvin, No. 3:10CV01268(VLB)(TPS) 2014 WL 2921661, at *4 (D. Conn. June 25, 2014) (approving section 406(b) fee award at an effective hourly rate of $785.30); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 455-57 (W.D.N.Y. Oct. 4, 2005) (approving section 406(b) fee award at an effective hourly rate of $891.61); Destefano v. Astrue, No. 05CV03534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award at an hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). The Court finds that a fee of $14,853.25 is reasonable and would not be a windfall to counsel. A

---

[3] This is consistent with the hours claimed in counsel's Statement re: Stipulation for Award of Fees Under the EAJA. See Doc. #25.

8

consideration of the windfall factors set forth in Fields does not alter this conclusion. See Fields, 24 F.4th at 854-55.

Finally, as acknowledged by counsel, he must return to plaintiff the $8,800.00 previously awarded by the Court under the EAJA. See Doc. #28 at 5; Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (citation and quotation marks omitted)).

**D.     Conclusion**

For the reasons set forth herein, the Motion for Allowance of Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #28**] is **GRANTED**, in the total amount of **$14,853.25**.

**The award of $14,853.25 supersedes and replaces the $8,800.00 in attorney's fees previously awarded by the Court on June 3, 2022. See Doc. #26**. Upon receipt of the amended award, Attorney Katz is ordered to refund to plaintiff the amount of **$8,800.00,** and to thereafter file a certification on the docket that he has done so.

\*     \*     \*

Attorney Katz shall provide a copy of this Ruling to plaintiff at her last known mailing or email address.

It is so ordered at Bridgeport, Connecticut this 7th day of August, 2023.

                                               /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES CIRCUIT JUDGE
                              Sitting by Designation